**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

JAYMEKE SMITH,
Plaintiff,

v. **Civil Action No.** 2:26-cv-5067-BHH-MGB

EXPERIAN INFORMATION SOLUTIONS, INC.,
Defendant.

**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. §§ 1681e(b), 1681i(a)(1), 1681i(a)(4)-(6), 1681n, and 1681o**

**JURY TRIAL DEMANDED**

Plaintiff Jaymeke Smith ("Plaintiff"), proceeding pro se, brings this action against Defendant Experian Information Solutions, Inc. ("Experian" or "Defendant") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and alleges as follows:

## I. NATURE OF THE ACTION

1. This action arises from Experian's alleged reporting of inaccurate and materially misleading derogatory information concerning Plaintiff, its alleged failure to follow reasonable procedures to assure maximum possible accuracy, its alleged failure to conduct a reasonable reinvestigation after receiving Plaintiff's written dispute, and its alleged failure to provide Plaintiff with the written results of its reinvestigation.
2. The FCRA requires a consumer reporting agency, whenever preparing a consumer report, to follow reasonable procedures to assure maximum possible accuracy of information concerning the consumer. 15 U.S.C. § 1681e(b).
3. The FCRA further requires a consumer reporting agency, after receiving a qualifying dispute concerning the completeness or accuracy of information contained in a consumer's file, to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate. 15 U.S.C. § 1681i(a)(1)(A).
4. Experian was, at all relevant times, a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).
5. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).
6. Plaintiff alleges that Experian maintained and reported inaccurate and/or materially misleading derogatory information concerning multiple accounts appearing in Plaintiff's Experian consumer file.

7. The alleged inaccuracies include collection accounts that Plaintiff alleges do not belong to him and derogatory late-payment histories reflecting delinquencies that Plaintiff alleges did not occur as reported.
8. On June 2, 2026, Plaintiff sent Experian a written Notice of Dispute specifically identifying and challenging the accuracy of the disputed information.
9. A true and correct copy of Plaintiff's June 2, 2026 Notice of Dispute is attached as Exhibit A.
10. A true and correct copy of Plaintiff's Experian consumer report reflecting the disputed information is attached as Exhibit B.
11. Plaintiff sent the dispute by certified mail. A true and correct copy of the green return receipt evidencing Experian's receipt of the dispute is attached as Exhibit C.
12. Plaintiff alleges that Experian failed to reasonably resolve the specifically identified inaccuracies after receiving Plaintiff's dispute.
13. Plaintiff further alleges that the disputed derogatory information remained associated with Plaintiff after expiration of the applicable reinvestigation period.
14. Experian never sent Plaintiff the written results of its reinvestigation.
15. Plaintiff alleges that Experian therefore failed to provide the written notice of the results of its reinvestigation required by 15 U.S.C. § 1681i(a)(6).
16. Plaintiff also experienced an adverse credit decision involving information obtained from Experian.
17. On June 11, 2026, American Express denied Plaintiff's application for an American Express Gold Card.
18. American Express informed Plaintiff that it obtained Plaintiff's FICO score from Experian and may have used that information in making its credit decision.
19. Plaintiff's Experian-based FICO score was 558 as of June 6, 2026.
20. Among the factors American Express identified as adversely affecting Plaintiff's score were a derogatory public record or collection agency record and the recency of Plaintiff's latest reported delinquency.
21. Plaintiff alleges that those factors correspond to categories of derogatory information challenged in this action, including collection accounts Plaintiff alleges do not belong to him and delinquency information Plaintiff alleges was inaccurate or materially misleading.
22. A true and correct copy of the American Express adverse-action notice is attached as Exhibit D.

## II. JURISDICTION AND VENUE

23. This Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.
24. This Court also has jurisdiction pursuant to 15 U.S.C. § 1681p.
25. Venue is proper in the District of South Carolina pursuant to 28 U.S.C. § 1391 because Plaintiff resides within this District and a substantial portion of the events and injuries giving rise to Plaintiff's claims occurred within this District.
26. Plaintiff resides in Charleston County, South Carolina.

27. Defendant conducts business in South Carolina and maintains, assembles, and furnishes consumer-report information concerning consumers in South Carolina, including Plaintiff.

## III. PARTIES

28. Plaintiff Jaymeke Smith is a natural person and a "consumer" as defined by 15 U.S.C. § 1681a(c).
29. Plaintiff resides at:

5607 Blackwell Ave.
North Charleston, SC 29406

30. Defendant Experian Information Solutions, Inc. is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f).
31. Experian regularly assembles or evaluates consumer-credit information for the purpose of furnishing consumer reports to third parties.
32. Defendant's registered agent for service of process in South Carolina is:

Experian Information Solutions, Inc.
c/o C T Corporation System
2 Office Park Court, Suite 103
Columbia, SC 29223

## IV. FACTUAL ALLEGATIONS CONCERNING THE DISPUTED ACCOUNTS

A. KIKOFF LENDING LLC — Account No. CLKYOSX

33. Experian reported a Kikoff Lending LLC account identified as Account No. CLKYOSX on Plaintiff's consumer report.
34. Experian designated the account as "Potentially Negative."
35. Experian reported Plaintiff as 30 days delinquent for January 2025 and 60 days delinquent for February 2025.
36. Plaintiff alleges that he was not delinquent as Experian reported and that the reported 30-day and 60-day late-payment notations are inaccurate.
37. Experian's reporting communicates to a reasonable creditor that Plaintiff failed to satisfy required payment obligations and progressed from a 30-day delinquency to a more severe 60-day delinquency.
38. Plaintiff alleges that this reporting is inaccurate and materially misleading because it creates the false impression that Plaintiff experienced a progressively worsening delinquency that Plaintiff alleges did not occur as reported.
39. The alleged inaccuracy is material because the existence, severity, and recency of reported delinquencies are capable of adversely affecting a creditor's evaluation of Plaintiff's creditworthiness.
40. Plaintiff specifically disputed the Kikoff delinquency information in his June 2, 2026 Notice of Dispute.

41. Plaintiff alleges that Experian thereafter failed to conduct a reasonable reinvestigation sufficient to resolve the specifically identified accuracy dispute.
42. Plaintiff does not allege that Experian violated the FCRA merely because it failed to provide Plaintiff with underlying account documentation.
43. Rather, Plaintiff alleges that Experian reported inaccurate and/or materially misleading information concerning Plaintiff's payment history and failed to reasonably reinvestigate the accuracy of that information after receiving Plaintiff's dispute.

B. MOHELA — Account No. 226226

44. Experian reported Plaintiff's MOHELA student-loan account as "Potentially Negative."
45. Experian reported severe delinquencies during 2025, including 90-, 150-, and 180-day late-payment notations.
46. Plaintiff alleges that he was not delinquent as Experian reported and that the reported derogatory payment history is inaccurate.
47. Experian's reporting communicates to a reasonable creditor that Plaintiff remained seriously delinquent on his student-loan obligation for an extended period.
48. Plaintiff alleges that this reporting is inaccurate and materially misleading because the series of 90-, 150-, and 180-day delinquency notations creates the false impression that Plaintiff experienced prolonged and progressively severe delinquency.
49. The alleged inaccuracy is material because a reasonable creditor may consider the existence, duration, severity, and recency of reported delinquencies when evaluating Plaintiff's creditworthiness.
50. Plaintiff specifically disputed the MOHELA delinquency information in his June 2, 2026 Notice of Dispute.
51. Plaintiff alleges that Experian failed to conduct a reasonable reinvestigation sufficient to resolve the specifically identified accuracy dispute.

C. CAPITAL ONE / KOHL'S DEPARTMENT STORE — Account No. 639305

52. Experian reported Plaintiff's Capital One/Kohl's Department Store account as "Potentially Negative."
53. Experian reported Plaintiff as 30 days delinquent for March 2026, 60 days delinquent for April 2026, and 90 days delinquent for May 2026, in addition to derogatory payment history appearing during 2025.
54. Plaintiff alleges that he was not delinquent as Experian reported and that the reported derogatory payment history is inaccurate.
55. Experian's reporting communicates to a reasonable creditor that Plaintiff repeatedly failed to make required payments and that his delinquency progressively worsened from 30 days late to 60 days late and ultimately 90 days late.
56. Plaintiff alleges that this reporting is inaccurate and materially misleading because it creates the false impression of a continuing and increasingly serious failure by Plaintiff to satisfy his payment obligations.

57. The alleged inaccuracy is material because such a progression of reported delinquencies is capable of adversely affecting a creditor's assessment of Plaintiff's payment history and creditworthiness.
58. Plaintiff specifically disputed the Capital One/Kohl's delinquency information in his June 2, 2026 Notice of Dispute.
59. Plaintiff alleges that Experian failed to conduct a reasonable reinvestigation sufficient to resolve the specifically identified accuracy dispute.

D. SUNRISE BANK / SELF LENDER — Account No. CBA000

60. Experian reported Plaintiff's Sunrise Bank/Self Lender account as "Potentially Negative" and reported the account as "Paid, Closed."
61. Experian nevertheless reported Plaintiff as 30 days delinquent for December 2021.
62. Plaintiff alleges that he was not 30 days delinquent as reported and that the December 2021 late-payment notation is inaccurate.
63. The disputed notation communicates to a reasonable creditor that Plaintiff failed to timely satisfy a payment obligation on the account.
64. Plaintiff alleges that this reporting is inaccurate and materially misleading because it creates the false impression that Plaintiff committed a delinquency that Plaintiff alleges did not occur as reported.
65. The account's paid-and-closed status does not eliminate the alleged inaccuracy in Plaintiff's historical payment information or the potentially adverse impression created by the reported delinquency.
66. Plaintiff specifically disputed the inaccurate December 2021 delinquency in his June 2, 2026 Notice of Dispute.
67. Plaintiff alleges that Experian failed to conduct a reasonable reinvestigation sufficient to resolve the specifically identified accuracy dispute.

E. NORDSTROM / TD BANK USA — Account No. 447043X

68. Experian reported Plaintiff's Nordstrom/TD Bank USA account as "Potentially Negative."
69. Experian reported multiple derogatory payment notations, including 30-, 60-, 90-, 120-, and 150-day delinquencies.
70. Plaintiff alleges that he was not delinquent as Experian reported and that the reported derogatory payment history is inaccurate.
71. Experian's reporting communicates to a reasonable creditor that Plaintiff repeatedly failed to satisfy his payment obligations and allowed the account to become progressively and severely delinquent.
72. Plaintiff alleges that this reporting is inaccurate and materially misleading because the combination and progression of 30-, 60-, 90-, 120-, and 150-day late-payment notations creates the false impression of prolonged and increasingly severe payment problems that Plaintiff alleges did not occur as reported.
73. The alleged inaccuracies are material because the frequency, severity, and recency of reported delinquencies are capable of adversely affecting a creditor's evaluation of Plaintiff's creditworthiness.

74. Plaintiff specifically disputed the Nordstrom/TD Bank USA delinquency information in his June 2, 2026 Notice of Dispute.
75. Plaintiff alleges that Experian failed to conduct a reasonable reinvestigation sufficient to resolve the specifically identified accuracy dispute.

F. CONSUMER ADJUSTMENT CO. — Account No. 235453

76. Experian reported a Consumer Adjustment Co. collection account, Account No. 235453, on Plaintiff's consumer report.
77. Experian reported the account with a balance of approximately $1,345 and identified the account as a collection.
78. Plaintiff alleges that this collection account does not belong to him and that Plaintiff does not owe the debt Experian attributed to him.
79. Plaintiff therefore disputes the accuracy of Experian's attribution of the collection account and alleged obligation to Plaintiff.
80. Experian's reporting communicates to a reasonable creditor that Plaintiff incurred an obligation, failed to satisfy that obligation, and allowed it to become sufficiently delinquent to result in collection activity.
81. Plaintiff alleges that this representation is factually inaccurate and materially misleading because the collection account is not Plaintiff's account.
82. By associating the collection obligation with Plaintiff's consumer file, the reporting creates the false impression that Plaintiff failed to pay a debt he actually owed and that collection activity became necessary because of Plaintiff's failure to satisfy the obligation.
83. The alleged inaccuracy is material because the presence of a collection account communicates derogatory information concerning Plaintiff's apparent payment history and creditworthiness.
84. Plaintiff specifically challenged the collection account in his June 2, 2026 Notice of Dispute.
85. Plaintiff's claim is not based merely upon Experian's failure to produce a contract, assignment, billing statement, or other documentation proving the debt.
86. Rather, Plaintiff alleges that the underlying information Experian attributed to him is itself inaccurate because the collection account is not his.
87. Plaintiff alleges that Experian failed to reasonably resolve the identity and ownership dispute after receiving Plaintiff's Notice of Dispute.

G. CENTRAL PORTFOLIO CONTROL — Account No. PALL42

88. Experian reported a Central Portfolio Control collection account identified as Account No. PALL42 on Plaintiff's consumer report.
89. Experian reported the account as a collection with a balance of approximately $1,062.
90. Plaintiff alleges that the Central Portfolio Control collection account does not belong to him and that Plaintiff does not owe the debt Experian attributed to him.
91. Plaintiff therefore disputed Experian's attribution of the collection account and alleged obligation to Plaintiff.

92. Experian's reporting communicates to a reasonable creditor that Plaintiff incurred an obligation, failed to satisfy the obligation, and allowed the account to progress to collection.
93. Plaintiff alleges that this representation is factually inaccurate and materially misleading because the collection account is not Plaintiff's account.
94. The reporting creates the false impression that Plaintiff is responsible for an unpaid collection obligation that Plaintiff alleges he never incurred.
95. The alleged inaccuracy is material because a collection account is derogatory information capable of negatively influencing a creditor's evaluation of Plaintiff's creditworthiness.
96. Plaintiff specifically disputed the Central Portfolio Control collection account in his June 2, 2026 Notice of Dispute.
97. Plaintiff's claim is not that Experian violated the FCRA simply because Experian failed to provide Plaintiff with a contract, assignment, billing statement, or other underlying documentation.
98. Rather, Plaintiff alleges that Experian continued attributing a collection account to Plaintiff that was not his, notwithstanding Plaintiff's direct dispute challenging the accuracy of that attribution.
99. Plaintiff alleges that Experian failed to conduct a reasonable reinvestigation sufficient to resolve whether the collection information actually belonged in Plaintiff's consumer file.

## V. MATERIALITY AND AMERICAN EXPRESS ADVERSE ACTION

100. The inaccuracies alleged above were material rather than merely technical because the information presented Plaintiff to prospective creditors as having serious derogatory credit history.
101. Plaintiff alleges that falsely attributing collection accounts to Plaintiff and inaccurately reporting severe delinquency histories creates a materially misleading impression of Plaintiff's payment history and creditworthiness.
102. The disputed collection accounts portray Plaintiff as having incurred obligations that he failed to pay and that subsequently entered collection, even though Plaintiff alleges those collection accounts do not belong to him.
103. The disputed late-payment histories portray Plaintiff as having experienced repeated and increasingly severe delinquencies that Plaintiff alleges did not occur as reported.
104. These alleged inaccuracies are capable of adversely affecting how a reasonable creditor evaluates Plaintiff's creditworthiness.
105. On June 11, 2026, American Express denied Plaintiff's application for an American Express Gold Card.
106. American Express informed Plaintiff that it obtained Plaintiff's FICO score from Experian and may have used the score in making its credit decision.
107. American Express stated that Plaintiff's Experian-based FICO score was 558 as of June 6, 2026.
108. American Express identified several factors adversely affecting Plaintiff's score.
109. Those factors included the existence of a derogatory public record or collection agency record.

110. American Express also identified the recency of Plaintiff's latest reported delinquency as a factor adversely affecting the score.

111. The collection-related factor corresponds to the category of information Plaintiff challenges concerning the Consumer Adjustment Co. and Central Portfolio Control collection accounts, which Plaintiff alleges do not belong to him.

112. The delinquency-related factor corresponds to the category of derogatory late-payment information Plaintiff challenges concerning Kikoff Lending LLC, MOHELA, Capital One/Kohl's, Sunrise Bank/Self Lender, and Nordstrom/TD Bank USA.

113. Plaintiff alleges that the inaccurate and/or materially misleading collection and delinquency information caused or contributed to the derogatory credit profile reflected in the Experian-based information considered by American Express.

114. Plaintiff does not allege that the disputed information was necessarily the sole factor in American Express's credit decision.

115. Rather, Plaintiff alleges that the American Express notice demonstrates a connection between Experian-derived credit information, the same categories of derogatory collection and delinquency information challenged by Plaintiff, and an actual adverse credit event experienced by Plaintiff.

116. Plaintiff consequently suffered loss of a credit opportunity and diminished creditworthiness.

117. The American Express adverse-action notice is attached as Exhibit D.

## VI. PLAINTIFF'S DISPUTE AND EXPERIAN'S REINVESTIGATION

118. On June 2, 2026, Plaintiff sent Experian a written Notice of Dispute challenging the completeness and accuracy of the information identified above.

119. Plaintiff's Notice of Dispute is attached as Exhibit A.

120. Plaintiff's Experian consumer report reflecting the disputed information is attached as Exhibit B.

121. Plaintiff sent his dispute by certified mail.

122. Experian's receipt of Plaintiff's dispute is evidenced by the green return receipt attached as Exhibit C.

123. Plaintiff's dispute identified the specific accounts and derogatory information Plaintiff challenged.

124. Plaintiff specifically disputed ownership of the Consumer Adjustment Co. and Central Portfolio Control collection accounts and alleges those accounts do not belong to him.

125. Plaintiff also disputed the accuracy of the derogatory payment histories identified above and alleges that he was not delinquent as Experian reported.

126. After receiving Plaintiff's dispute, Experian was required under 15 U.S.C. § 1681i(a)(1) to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate.

127. Experian was required under § 1681i(a)(4) to review and consider all relevant information submitted by Plaintiff concerning the disputed information.

128. Under § 1681i(a)(5), if information was found to be inaccurate or incomplete or could not be verified following the reinvestigation, Experian was required to promptly delete or modify that information as appropriate.

129. Plaintiff alleges that Experian failed to conduct a reasonable reinvestigation reasonably calculated to determine the accuracy of the specifically disputed information.
130. Plaintiff alleges that Experian failed to reasonably resolve Plaintiff's contention that the Consumer Adjustment Co. and Central Portfolio Control collection accounts did not belong to him.
131. Plaintiff further alleges that Experian failed to reasonably resolve Plaintiff's contention that the derogatory late-payment histories identified above were inaccurate.
132. Plaintiff alleges that the disputed derogatory information remained associated with Plaintiff after expiration of the applicable reinvestigation period.
133. Plaintiff does not allege that the FCRA automatically required Experian to provide Plaintiff with underlying contracts, billing statements, assignments, payment records, or other account documentation.
134. Rather, Plaintiff alleges that Experian was required to conduct a reasonable reinvestigation to determine whether the specifically disputed information was inaccurate and to take the actions required by the FCRA based upon the results of that reinvestigation.
135. Experian never sent Plaintiff the written results of its reinvestigation.
136. Plaintiff did not receive written notice advising him of the disposition of the information he disputed.
137. Plaintiff alleges that Experian therefore failed to comply with the separate notice-of-results requirements of 15 U.S.C. § 1681i(a)(6).

**COUNT I**

**VIOLATION OF 15 U.S.C. § 1681e(b)**
**FAILURE TO FOLLOW REASONABLE PROCEDURES TO ASSURE MAXIMUM POSSIBLE ACCURACY**

138. Plaintiff realleges and incorporates Paragraphs 1 through 137 as though fully set forth herein.
139. Section 1681e(b) requires a consumer reporting agency, whenever preparing a consumer report, to follow reasonable procedures to assure maximum possible accuracy of information concerning the consumer.
140. Plaintiff alleges that Experian prepared and furnished consumer-report information concerning Plaintiff containing inaccurate and/or materially misleading derogatory information.
141. Plaintiff alleges that Experian attributed the Consumer Adjustment Co. and Central Portfolio Control collection accounts to Plaintiff even though those collection accounts did not belong to him.
142. Plaintiff further alleges that Experian reported inaccurate and/or materially misleading derogatory payment histories concerning Kikoff Lending LLC, MOHELA, Capital One/Kohl's, Sunrise Bank/Self Lender, and Nordstrom/TD Bank USA.
143. Plaintiff alleges that he was not delinquent as Experian reported.
144. Plaintiff alleges that the inaccurate collection information falsely portrayed Plaintiff as responsible for unpaid collection obligations that he did not incur.

145. Plaintiff alleges that the inaccurate delinquency information falsely portrayed Plaintiff as having repeated and increasingly severe payment delinquencies that did not occur as reported.
146. Plaintiff alleges that these inaccuracies were material because they were capable of adversely affecting how a reasonable creditor evaluated Plaintiff's creditworthiness.
147. Plaintiff alleges that Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.
148. Plaintiff experienced an adverse credit event involving information obtained from Experian.
149. American Express identified a collection agency record and the recency of reported delinquency among the factors adversely affecting Plaintiff's Experian-based FICO score.
150. Plaintiff alleges that the inaccurate and/or materially misleading information caused or contributed to Plaintiff's diminished creditworthiness and loss of credit opportunity.
151. As a direct and proximate result of Experian's alleged violation, Plaintiff suffered damages including loss of credit opportunity, diminished creditworthiness, emotional distress, frustration, inconvenience, and time and effort expended attempting to correct the inaccurate reporting.
152. Plaintiff alleges that Experian's noncompliance was negligent and/or willful within the meaning of 15 U.S.C. §§ 1681o and 1681n.

**COUNT II**

**VIOLATION OF 15 U.S.C. § 1681i(a)(1), (4), AND (5)**
**FAILURE TO CONDUCT A REASONABLE REINVESTIGATION**

153. Plaintiff realleges and incorporates Paragraphs 1 through 152 as though fully set forth herein.
154. Plaintiff directly notified Experian that he disputed the completeness and accuracy of information contained in his consumer file.
155. Plaintiff identified the specific accounts and information he challenged.
156. Plaintiff specifically disputed ownership of the Consumer Adjustment Co. and Central Portfolio Control collection accounts.
157. Plaintiff alleges that those collection accounts did not belong to him.
158. Plaintiff also disputed the accuracy of the derogatory payment histories concerning Kikoff Lending LLC, MOHELA, Capital One/Kohl's, Sunrise Bank/Self Lender, and Nordstrom/TD Bank USA.
159. Plaintiff alleges that he was not delinquent as Experian reported.
160. Experian was required to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate.
161. Experian was required to review and consider relevant information submitted by Plaintiff as part of that reinvestigation.
162. Plaintiff alleges that Experian failed to conduct a reasonable reinvestigation reasonably calculated to determine whether the specifically disputed information was accurate and complete.

163. Plaintiff alleges that Experian failed to reasonably resolve whether the disputed collection accounts actually belonged to Plaintiff.
164. Plaintiff further alleges that Experian failed to reasonably resolve whether the reported derogatory payment histories accurately reflected Plaintiff's actual payment history.
165. Plaintiff alleges that the disputed derogatory information remained associated with Plaintiff after expiration of the applicable reinvestigation period.
166. Plaintiff alleges that Experian failed to appropriately delete or modify information that was inaccurate, incomplete, or could not be verified as required by § 1681i(a)(5).
167. Plaintiff's claim is based upon the alleged inaccuracy of the information and the alleged unreasonableness of Experian's reinvestigation, not merely upon Experian's failure to provide Plaintiff with underlying account documentation.
168. As a direct and proximate result of Experian's alleged violations, Plaintiff suffered damages including diminished creditworthiness, loss of credit opportunities, emotional distress, frustration, inconvenience, and time spent attempting to correct the disputed reporting.
169. Plaintiff alleges that Experian's noncompliance was negligent and/or willful within the meaning of 15 U.S.C. §§ 1681o and 1681n.

**COUNT III**

**VIOLATION OF 15 U.S.C. § 1681i(a)(6)**
**FAILURE TO PROVIDE WRITTEN RESULTS OF REINVESTIGATION**

170. Plaintiff realleges and incorporates Paragraphs 1 through 169 as though fully set forth herein.
171. Plaintiff submitted a written dispute directly to Experian challenging the accuracy and completeness of information contained in his Experian consumer file.
172. Plaintiff's June 2, 2026 Notice of Dispute is attached as Exhibit A.
173. Experian's receipt of Plaintiff's dispute is evidenced by the certified-mail green return receipt attached as Exhibit C.
174. Section 1681i(a)(6)(A) requires a consumer reporting agency to provide written notice to a consumer of the results of a reinvestigation no later than five business days after completion of the reinvestigation.
175. Section 1681i(a)(6)(B) specifies information that must be provided as part of, or in addition to, the written notice of results.
176. Experian never sent Plaintiff the written results of its reinvestigation.
177. Plaintiff did not receive written notice from Experian informing him of the disposition of his disputes.
178. Plaintiff did not receive a revised consumer report as part of any written results from Experian.
179. Plaintiff did not receive the notices concerning his rights following completion of the reinvestigation required by § 1681i(a)(6)(B).
180. Plaintiff alleges that Experian's failure to provide the required written results and accompanying information violated § 1681i(a)(6).

181. As a direct and proximate result of Experian's alleged violation, Plaintiff suffered frustration, inconvenience, loss of time, and additional effort attempting to determine the disposition and status of his disputes.
182. Plaintiff alleges that Experian's noncompliance was negligent and/or willful within the meaning of 15 U.S.C. §§ 1681o and 1681n.

## VII. DAMAGES

183. As a direct and proximate result of Experian's alleged violations of the FCRA, Plaintiff suffered actual and concrete injuries.
184. Plaintiff suffered diminished creditworthiness and loss of credit opportunity.
185. Plaintiff experienced an adverse credit decision from American Express involving credit-score information obtained from Experian.
186. Plaintiff further suffered frustration, inconvenience, emotional distress, and time and effort attempting to identify, dispute, and correct the allegedly inaccurate information.
187. Plaintiff seeks actual damages to the extent proven and authorized by 15 U.S.C. § 1681o.
188. To the extent Experian's noncompliance is proven to have been willful, Plaintiff seeks statutory and punitive damages as authorized by 15 U.S.C. § 1681n.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendant Experian Information Solutions, Inc., and that the Court award:

A. Actual damages pursuant to 15 U.S.C. § 1681o;

B. Statutory damages to the extent authorized by 15 U.S.C. § 1681n;

C. Punitive damages to the extent authorized by 15 U.S.C. § 1681n;

D. Costs of this action as permitted by law;

E. Prejudgment and post-judgment interest to the extent permitted by law; and

F. Such other and further relief as the Court deems just and proper.

## IX. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: 10 / 22, 2026

[signature]

JAYMEKE SMITH
Plaintiff, Pro Se
5607 Blackwell Ave.
North Charleston, SC 29406

email: jaymeke2@gmail.com
jaymekessmith@gmail.com